UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEREMY EVANS, | NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |
| v. | |
| AMERICAN SEAFOODS COMPANY LLC, | |
| Defendant. | |

COMES NOW Plaintiff JEREMY EVANS, by and through his attorneys, Lipcon, Margulies & Winkleman, P.A., and states as follows:

## I. JURISDICTION AND VENUE

A. This claim for damages is for injuries suffered by Plaintiff caused by the negligence of Defendant. Jurisdiction is vested in this court pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 30104.

B. Venue is proper in the Western District of Washington because defendant is subject to the Court's personal jurisdiction with respect to this action in this judicial district per 28 U.S.C. § 1391(b)(1) and (c)(2).

## II. JURY DEMAND

Plaintiff respectfully asks for a jury trial pursuant to Fed. R. Civ. P. 38.

## III. PARTIES

A. At all times material, Plaintiff, JEREMY EVANS is an individual that is a citizen of the state of California.

B. At all times material, Defendant American Seafoods Company LLC is a limited liability company that is incorporated under the laws of the State of Delaware.  Defendant,

American Seafoods Company LLC has its principal place of business in the State of Washington. Defendant, American Seafoods Company LLC may be served with process by serving its registered agent at 711 Capitol Way S, Ste. 204, Olympia, WA., 98501.

## IV. FACTS COMMON TO ALL COUNTS

A. On or about October 13, 2020, Plaintiff was a Jones Act Seaman aboard the *F/T Northern Eagle,* a fishing trawler vessel of 104ft, IMO No.: 6701462 (hereinafter the "Vessel").

B. At all times material, Plaintiff served aboard the Vessel in the position of "Processor".

C. On or about October 13, 2020, the Vessel was out at sea off of Alaska.

D. On or about October 13, 2020, the Plaintiff was assigned the duty of moving and stacking heavy boxes of product in the hull where the temperature is controlled to keep the catch fresh/frozen.

E. As he was stacking and sorting boxes of product to the desired location, a crewmember of the Vessel negligently threw an approximately 50 pound box onto Plaintiff's hand, causing severe injury to his right hand and thumb.

F. The danger posed to the Plaintiff by the moving and handling of these boxes was not readily apparent or open and obvious as any reasonable person would expect that the job would have been done in a safe manner so as to protect the crew, like Plaintiff, from the injuries he sustained.

## V. FIRST CAUSE OF ACTION
## JONES ACT NEGLIGENCE

A. Plaintiff realleges, incorporates by reference, and adopts all preceding paragraphs as though they were originally alleged herein.

B. At all material times, Plaintiff was a Jones Act Seaman employed by Defendants in the

LIPCON, MARGULIES & WINKLEMAN, P.A.
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

position of 'processor' as a member of the crew aboard the Vessel which was on navigable waters.

C. It was the duty of Defendant to provide Plaintiff with reasonable care to provide a safe place to work.

D. On or about October 13, 2020, Defendant and/or its agents, servants, and/or employees breached its duties to Plaintiff of reasonable care to provide a safe place to work.

E. Plaintiff's injuries are due to the fault and negligence of Defendant and/or its agents, servants, and/or employees as follows:

a. Failure to use reasonable care to provide Plaintiff a reasonably safe place to work; and/or

b. Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the Plaintiff, while engaged in the course of his employment on the Vessel on which he served; and/or

c. Failure to adequately train the Plaintiff on the subject operation; and/or

d. Failure to adequately supervise the Plaintiff on the subject operation; and/or

e. Failure to adequately train the crew; and/or

f. Failure to adequately supervise the subject operation; and/or

g. Requiring Plaintiff to assist with subject operation; and/or

h. Failure to take proper safety precautions with respect to subject operation; and/or

i. Failure to warn Plaintiff of the hidden dangers associated with moving and handling the subject boxes in the freezer hold; and/or

j. Failure to have adequate watch during operation of the vessel; and/or

k. Failure to promulgate proper safety precautions so as to comply with standard safety practices in the industry for moving and carrying heavy boxes (aka materials handling techniques) during the subject operation; and/or

l. Failure to promulgate and/or enforce adequate policies and procedures for the subject operation; and/or

m. Failure to promulgate and/or enforce adequate policies and procedure with respect to the training and supervision of crew; and/or

n. Failure to ascertain and/or monitor the physical qualifications of the crew; and/or

o. Failure to warn Plaintiff that the other crew members he was assigned to work with were not adequately or properly trained to carry out the duties assigned to them; and/or

p. Failure to have adequately trained crew members participating in the subject operation; and/or

q. Failure to have an adequate crew in terms of physical qualifications and/or training and/or numbers to perform the subject operation; and/or

r. Performing a dangerous operation; and/or

s. Failing to warn Plaintiff of the dangerous operation; and/or

t. Failing to abort or cease a dangerous operation when it became readily apparent that the operation was dangerous; and/or

u. Failing to utilize an adequate crew in terms of training and/or numbers for the subject operation; and/or

v. Failing to promptly evacuate Plaintiff from the Vessel to adequate medical care; and/or

w. Failing to speed up the Vessel to the nearest available port; and/or

  x. Failing to adequately address Plaintiff's injuries and/or medical condition following the subject incident; and/or

  y. Failing to have an adequate medical officer aboard the Vessel.

F. All or some of the above acts and/or omissions by Defendants and/or its agents, servants, and/or employees caused the Plaintiff severe injuries and/or aggravated Plaintiff's injuries and/or conditions.

G. Defendant knew of the foregoing conditions and did not correct them, or the conditions existed for a sufficient length of time so that the Defendants, in the exercise of reasonable care, should have learned of them and corrected them.

H. As a result of Defendant's negligence, Plaintiff was injured about his body, suffered acute physical pain and suffering, mental anguish, fright, shock, anxiety, reasonable fear of developing future physical and medical problems, suffered loss of enjoyment of life, experienced inconvenience in the normal pursuits and pleasures of life, suffered feelings of economic insecurity caused by his condition, incurred medical expenses, lost wages, and his working ability and earning capacity have been impaired.  These injuries and damages are permanent or continuing in nature and Plaintiff will continue to suffer these losses and impairments in the future.  In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found.

**WHEREFORE**, Plaintiff demands all damages to which he is entitled by law and demands a jury trial of all issues so triable.

## VI. SECOND CAUSE OF ACTION
## UNSEAWORTHINESS

A. Plaintiff realleges, incorporates by reference, and adopts all preceding paragraphs as though they were originally alleged herein.

B. At all material times, Plaintiff was a Jones Act Seaman employed by Defendant in the position of 'Processor' as a member of the crew aboard the Vessel which was on navigable waters.

C. At all material times, Defendant owned, managed, operated, and/or controlled the Vessel to which Plaintiff was assigned to work.

D. Defendant had the absolute non-delegable duty to provide Plaintiff with a seaworthy vessel.

E. On or about October 13, 2020, the unseaworthiness of the Vessel was a legal cause of injury and damage to the Plaintiff by reason of the following:

a. Defendant's Vessel was unfit for its intended purpose; and/or

b. The Vessel did not have a fit crew; and/or

c. Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the Plaintiff, while engaged in the course of his employment on the Vessel on which he served; and/or

d. Failure to adequately train the Plaintiff on the subject operation; and/or

e. Failure to adequately supervise the Plaintiff on the subject operation; and/or

f. Failure to adequately train the crew; and/or

g. Failure to adequately supervise the subject operation; and/or

h. Requiring Plaintiff to assist with the subject operation; and/or

i. Failure to take proper safety precautions with respect to the subject operation; and/or

j. Failure to warn promulgate policies and procedures that are compliant with the standards in the industry for materials handling; and/or

k. Failure to train crew members like the Plaintiff concerning how to safely and properly perform materials handling operations; and/or

l. By failing to provide the Plaintiff with the proper tools and equipment necessary to safely perform the job he was assigned to; and/or

m. Failure to promulgate and/or enforce adequate policies and procedures for the subject operation; and/or

n. Failure to promulgate and/or enforce adequate policies and procedure with respect to the training and supervision of crew; and/or

o. Failure to ascertain and/or monitor the physical qualifications of the crew; and/or

p. Failure to enforce the rules and policies and procedures concerning the job of moving boxes about the freezer hold; and/or

q. Failure to have adequately trained crew members participating in the subject operation; and/or

r. Failure to have an adequate crew in terms of physical qualifications and/or training and/or numbers to perform the subject operation; and/or

s. Failure to have adequate mechanical aids in place that were meant to assist the crew with safely moving 50lb boxes in and about the freezer hold; and/or

t. Performing a dangerous operation; and/or

u. Failing to warn Plaintiff of the dangerous operation; and/or

v. Failing to abort or cease a dangerous operation when it became readily apparent that the operation was dangerous; and/or

w. Failing to utilize an adequate crew in terms of training and/or numbers for the subject operation; and/or

x. Failure to provide crew members, like Plaintiff, with proper and adequate personal protective equipment; and/or

y. Failure to supervise crew, like Plaintiff, in the performance of dangerous operations; and/or

z. Failing to promptly evacuate Plaintiff from the Vessel to adequate medical care; and/or

aa. Failing to speed up the Vessel to the nearest available port; and/or

bb. Failing to adequately address Plaintiff's injuries and/or medical condition following the subject incident; and/or

cc. Failing to have an adequate medical officer aboard the Vessel; and/or

dd. Failure to supply and keep in order the proper appliances appurtenant to the Vessel, including medical equipment.

F. As a result of the unseaworthiness of Defendant's Vessel, Plaintiff was injured about his body, suffered physical pain and suffering, mental anguish, fright, shock, anxiety, reasonable fear of developing future physical and medical problems, suffered loss of enjoyment of life, experienced inconvenience in the normal pursuits and pleasures of life, suffered feelings of economic insecurity caused by his condition, incurred medical expenses, lost wages, and his working ability and earning capacity have been impaired. These injuries and damages are permanent or continuing in nature and Plaintiff will continue to suffer these losses and impairments in the future. In addition,

Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found.

**WHEREFORE**, Plaintiff demands all damages to which he is entitled by law, including punitive damages[1], and demands a jury trial of all issues so triable.

### VII.   THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE MAINTENANCE AND CURE

A. Plaintiff realleges, incorporates by reference, and adopts all preceding paragraphs as though they were originally alleged herein.

B. On or about October 13, 2020, Plaintiff, while in the service of the Vessel as a crewmember, suffered severe injuries.

C. Under the General Maritime Law and by operation of treaty, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant, until he is unequivocally declared to have reached maximum possible cure.  This includes unearned wages (regular wages and overtime), which are reasonably anticipated to the end of the contract or voyage whichever is longer.

D. Defendant failed to provide Plaintiff with prompt, proper and adequate medical care for his severe injuries.

E. Defendant failed to provide Plaintiff with timely maintenance and cure benefits.

F. Defendant failed to make adequate arrangements for the advance payment of Plaintiff's medical care in full, effectively requiring Plaintiff to advance payment to receive medical care.

---

[1] Pursuant to the 9th Cir. case of *Batterton v. Dutra Grp.*, 880 F.3d 1089 (9th Cir. 2018). Plaintiff will make a prima facie showing of entitlement to punitive damages to the Court.

G. Defendant failed to provide Plaintiff with reasonable and adequate accommodations and provision of medical treatment, which have exacerbated his injuries.

H. Defendant failed to promptly authorize and/or provide medical care for Plaintiff.

I. Defendant failed to promptly and/or completely reimburse Plaintiff for medical expenses which he was required to advance.

J. Defendant willfully and callously delayed, failed and refused to provide and pay Plaintiff's entire maintenance and cure so that Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

K. Defendant's failure to provide Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's medical needs and legal rights as a seaman.  As such, Plaintiff would be entitled to recover punitive damages and reasonable attorneys' fees under the General Maritime Law of the United States. Further, Defendant unreasonably failed to pay or provide Plaintiff with maintenance and cure which made it impossible for his to restore full function to his injured hand, aggravated his condition, worsened his injuries, and caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical and/or mental injuries, disability, physical pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, fright, shock, anxiety, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

**WHEREFORE**, Plaintiff demands all damages to which he is entitled by law, including punitive damages[2] and attorneys' fees and demands a jury trial of all issues so triable.

### VIII.   FOURTH CAUSE OF ACTION
### FAILURE TO TREAT

A. Plaintiff realleges, incorporates by reference, and adopts all preceding paragraphs as though they were originally alleged herein.

B. On or about October 13, 2020, Plaintiff, while in the service of the Vessel as a crewmember, suffered severe injuries.

C. It was the duty of Defendants to provide Plaintiff with prompt, proper and adequate medical care following the subject incident.

D. Defendants negligently failed to promptly provide Plaintiff with prompt, proper, adequate, and complete medical care. This conduct includes, but is not limited to:

a. Defendant not providing Plaintiff with prompt, proper, and/or adequate medical care after the subject incident on board the Vessel; and/or

b. Failing to promptly evacuate Plaintiff from the Vessel to adequate medical care; and/or

c. Failing to speed up the Vessel to the nearest available port; and/or

d. Failing to adequately address Plaintiff's injuries and/or medical condition following the subject incident; and/or

e. Failing to have an adequate medical officer aboard the Vessel; and/or

---

[2] Pursuant to the U.S. Supreme Court case of *Atlantic Sounding Co., Inc., et al. v. Townsend*, 557 U.S. 404 (2009). Plaintiff will make a prima facie showing of entitlement to punitive damages to the Court.

f.  Failure to supply and keep in order the proper appliances appurtenant to the Vessel, including medical equipment.

E.  As a direct and proximate result of Defendants failure, Plaintiff suffered additional physical pain, disability, his medical condition worsened, and Plaintiff's recovery was prolonged.

F.  In addition, Plaintiff suffered injury to his body, suffered physical pain and suffering, mental anguish, fright, shock, anxiety, reasonable fear of developing future physical and medical problems, suffered loss of enjoyment of life, experienced inconvenience in the normal pursuits and pleasures of life, suffered feelings of economic insecurity caused by his condition, incurred medical expenses, lost wages, and his working ability and earning capacity have been impaired.  These injuries and damages are permanent or continuing in nature and Plaintiff will continue to suffer these losses and impairments in the future.  In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found.

G.  This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

**WHEREFORE**, Plaintiff demands all damages to which she is entitled by law and demands a jury trial of all issues so triable.

DATED this 24th day of March, 2021.

1
2
3
4
5
6
7
8
                        **LIPCON, MARGULIES,**
                        **& WINKLEMAN, P.A.**
                        *Attorneys for Plaintiff*
                        One Biscayne Tower, Suite 1776
                        2 South Biscayne Boulevard
                        Miami, FL 33131
                        305.373.3016 (T)
                        305.373.6204 (F)

                        By:   */s/ Jason R. Margulies*
                             JASON R. MARGULIES
                             WSBA #54741
                             jmargulies@lipcon.com

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26